IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John F. Zola and Jill M. Zola,     :
his wife, and Vincent J. Zola     :
and Jayme A. Zola, his wife,     :
            Appellants     :
     :
     :   No. 155 C.D. 2019
     v.     :
     :   Submitted: May 10, 2019
Scotch Valley Estates and Daniel W.  :
Derr, II and Shirley R. Derr, his wife  :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH             FILED: November 18, 2019

John F. Zola and Jill M. Zola, his wife, and Vincent J. Zola and Jayme A. Zola, his wife (collectively, Plaintiffs) appeal from the May 30, 2018 order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia County Branch (trial court), which sustained the preliminary objections of Scotch Valley Estates to Plaintiffs' second amended complaint and dismissed the complaint with prejudice.

**Facts and Procedural History**

The underlying facts of this case are garnered from the original record before the trial court, as well as a 1991 opinion from our Superior Court in the matter of *Scotch Valley Homeowners Association v. Long* (Pa. Super., No. 691 Philadelphia

1990, filed January 14, 1991).[1] Scotch Valley Estates is a development comprised of residential lots located in Beaver Township, Columbia County, Pennsylvania. Scotch Valley Estates was originally owned by Evergreen Lake, Inc., which sought in 1970 to establish a planned residential community consisting of 880 individual lots, improved roads, a central water and sewer system, a lake, and numerous outdoor recreational facilities. As part of this development, Evergreen Lake, Inc., issued a Declaration of Restrictions (Declaration) that was properly recorded on September 1, 1970. This Declaration addressed the exclusive residential use of each lot and the limitations on improvements thereto, which required the approval of Evergreen Lake, Inc., including the prohibition of any outbuildings. Although it sold 408 lots, Evergreen Lake, Inc., eventually failed and the property was placed in foreclosure.[2] On February 1, 1977, the property was sold to Scotch Valley Estates, Inc. The Board of Scotch Valley Estates (SVE Board) later issued variance guidelines for storage sheds, thereby permitting sheds on unimproved lots as a principal use and primary structure.[3]

---

[1] In that case, Donald and Mary Long had purchased 10 lots from Evergreen Lake, Inc., in December 1971, with the latter promising not to impose maintenance fees until the lots were sold. However, after Scotch Valley Estates, Inc., purchased the property in 1977, it began assessing each lot owner an annual maintenance fee of $225.00. The Longs sought to enforce their original agreement deferring imposition of said fees and were successful before the trial court and Superior Court. In fact, because only the lake existed at the time of trial, the trial court concluded, and the Superior Court agreed, that the intended purpose of the development never came to fruition and the deed restriction relating to payment of maintenance fees for recreational facilities that were nonexistent was invalid due to changed conditions.

[2] It appears that sewage issues prevented most lot owners from building residences on their lots.

[3] These variance guidelines included numerous criteria that must be met before a variance would be granted, including a signed letter from all adjoining property owners giving their permission; compliance with all local government permitting requirements; compliance with all set-back guidelines in current deed restrictions; construction using rustic or earth tone colors; maximum

Plaintiffs John and Jill Zola and Vincent and Jayme Zola each own two lots within Scotch Valley Estates. Daniel and Shirley Derr (the Derrs) also own a lot within Scotch Valley Estates. The Derrs sought and obtained a variance from the SVE Board to erect a 12- by 20-foot shed,[4] with electricity but no sewer or water, on their unimproved lot. As required by the shed guidelines, the Derrs obtained the written approval of the adjacent lot owners for construction of the shed. The Derrs intended to use the shed to store fishing equipment and other personal property near the lake that was part of Scotch Valley Estates. After receiving the variance, the Derrs constructed the shed on their lot.

Shortly thereafter, on October 13, 2017, Plaintiffs filed their original complaint against Scotch Valley Estates and the Derrs seeking a declaratory judgment, specific performance, and injunctive relief. More specifically, Plaintiffs sought an order stating that the Declaration prohibits the SVE Board from granting a variance to allow the construction of a shed as a principal use and primary structure on an unimproved lot. Plaintiffs also sought an order enjoining the SVE Board from administering the variance guidelines for sheds and granting variances.

Plaintiffs noted in their complaint that section 4(A) of the Declaration states that:

> No lot shall be used except for single family residential purposes. No structure shall be erected, placed or permitted to remain on any lot other than one (1) detached single family residence dwelling and such outbuildings as are usually

---

height of 15 feet; maximum interior dimension of 250 square feet; limit of one shed per lot; prohibition of use of a shed as a residence; permitting electrical service only to the shed; and the SVE Board retaining the right to revoke shed privileges at any time if evidence of property abuse exists.

[4] The Derrs also sought and obtained a variance from the Zoning Hearing Board of Beaver Township relating to front and rear yard setbacks.

accessory to a single family residence dwelling including a private garage.

(Reproduced Record (R.R.) at 55a.) Plaintiffs also noted that section 7(A) of the Declaration prohibited outbuildings and that while section 8(A) permitted reasonable variances and adjustments, no such variance may be materially detrimental or injurious to any other property or improvements and must be done within the intent and purpose of the general development scheme.[5] Scotch Valley Estates filed preliminary objections alleging that Plaintiffs' requests for relief would affect all property owners within Scotch Valley Estates and the complaint failed to join these indispensable parties. Scotch Valley Estates also alleged that Plaintiffs improperly requested an award of attorney fees.

Plaintiffs did not respond to these preliminary objections, but instead filed an amended complaint on November 21, 2017, again naming only Scotch Valley Estates and the Derrs as defendants. The amended complaint contained three counts, the first challenging a contested corporate action, the second requesting specific

---

[5] Section 8(A) of the Declaration provides, in full, as follows:

> The Declarant or Committee [such as the SVE Board] may allow reasonable variances and adjustments of these Restrictions in order to overcome practical difficulties and prevent unnecessary hardships in the application of the provisions contained herein; provided, however, that such is done in conformity with the intent and purpose of the general development scheme and provided also that in every instance such variance or adjustment will [not] be materially detrimental or injurious to other property or improvements in the neighborhood or the Subdivisions.

(Supplemental Reproduced Record at 8A.) Contrary to Pa.R.A.P. 2173, the supplemental reproduced record submitted by Scotch Valley Estates used the capital "A" in its page numbering instead of the lower case "b."

4

performance, and the third requesting injunctive relief. However, the amended complaint essentially sought the same relief as the original complaint. Scotch Valley Estates again filed preliminary objections alleging that Plaintiffs' amended complaint failed to join indispensable parties and improperly requested an award of attorney fees. After briefing and argument, the trial court ultimately agreed with Scotch Valley Estates, specifically noting that the requested relief would affect the rights of all members of Scotch Valley Estates, such that they were indispensable parties to this matter. By order dated March 2, 2018, the trial court granted the preliminary objections, dismissed Plaintiffs' complaint and request for attorney fees,[6] and allowed Plaintiffs 20 days to file another amended complaint.

Plaintiffs filed a second amended complaint on March 21, 2018, which included the same three counts of the amended complaint. Plaintiffs reiterated that the Declaration prohibits the construction of a shed as a principal use and primary structure on an unimproved lot and that the permitting of sheds in such manner would require an amendment to the Declaration by at least a 67% vote of all lot owners. Plaintiffs sought an order stating that the Derrs were prohibited from constructing a shed without the aforementioned amendment to the Declaration and that the SVE Board was prohibited from granting the Derrs a variance, as well as directing the SVE Board to rescind the variance granted to the Derrs.

With regard to the second count requesting specific performance, namely compliance with the specific terms of the Declaration, Plaintiffs alleged that the shed on the Derrs' lot devalues, diminishes, and impairs the property values of lawfully improved lots; negatively impacts the use and quiet enjoyment of such lots; adversely affects the health, safety, and welfare of the community; intrudes upon the aesthetic

---

[6] The trial court held that there was no legal or factual basis stated in the complaint to sustain a claim for attorney fees.

5

beauty of the development; and attracts undesirables. Plaintiffs sought an order directing the SVE Board to refrain from administering the shed variance as to the Derrs, directing the SVE Board to administer and enforce the Declaration as to the Derrs, and directing the Derrs to remove the shed on their lot.

With respect to the third count seeking injunctive relief, Plaintiffs alleged immediate and irreparable harm for the reasons stated above in the second count, that the continued action of the SVE Board in granting variances for sheds will result in greater injury if the injunction is not granted, and that ordering the removal of the Derrs' shed was necessary to return the parties to the status quo. Plaintiffs sought an order enjoining the SVE Board from granting a variance to the Derrs, directing the Derrs to remove the shed, and awarding Plaintiffs costs.

Scotch Valley Estates once again filed preliminary objections alleging that Plaintiffs' second amended complaint failed to join indispensable parties and that there was no legal or factual basis to award costs to Plaintiffs. Following briefing and oral argument, by order dated May 30, 2018, the trial court sustained the preliminary objections and dismissed the claim against Scotch Valley Estates and the Derrs with prejudice. The trial court reiterated that the relief sought by Plaintiffs requires the joinder of all members of Scotch Valley Estates as indispensable parties. The trial court noted that the rights of all members of Scotch Valley Estates would be affected by the requested relief. Plaintiffs thereafter filed a notice of appeal.[7] After Plaintiffs filed a concise statement of errors complained of on appeal, the trial court issued an opinion in accordance with Pa.R.A.P. 1925(a) explaining that Plaintiffs are essentially attacking the variance procedure of the SVE Board, which applies to all lot owners in Scotch Valley Estates. In other words, because the relief sought by Plaintiffs, *i.e.*,

_____

[7] This appeal was originally filed with our Superior Court. However, by order filed January 2, 2019, the Superior Court transferred the matter to this Court.

6

voiding the variance guidelines for storage sheds, would affect the property rights of all lot owners, the trial court concluded that all members of Scotch Valley Estates are indispensable parties to Plaintiffs' lawsuit.

## Discussion

On appeal,[8] Plaintiffs argue that the trial court erred as a matter of law and/or abused its discretion in sustaining the preliminary objections filed by Scotch Valley Estates. More specifically, Plaintiffs allege that their second amended complaint specifically limited any claims against the SVE Board to its granting of a variance to the Derrs and the relief sought would not affect any other property owner in Scotch Valley Estates. We agree.

Our Supreme Court addressed the issue of indispensable parties in *City of Philadelphia v. Commonwealth*, 838 A.2d 566 (Pa. 2003), stating as follows:

> [A] party is [an] indispensable [party plaintiff] when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. [T]he basic inquiry in determining whether a party is indispensable concerns whether justice can be done in the absence of him or her. In undertaking this inquiry, the nature of the claim and the relief sought must be considered. Furthermore, we note the general principle that, in an action for declaratory judgment, all persons having an interest that would be affected by the declaratory relief sought ordinarily must be made parties to the action. Indeed, Section 7540(a)

---

[8] Our scope of review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Petty v. Hospital Service Association of Northeastern Pennsylvania*, 967 A.2d 439, 443 n.7 (Pa. Cmwlth. 2009), *aff'd*, 23 A.3d 1004 (Pa. 2011). "In reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt." *Id*. (citation omitted). "Such review raises a question of law as to which our standard of review is *de novo* and our scope of review is plenary." *Id*. (citation omitted).

7

of the Judicial Code, 42 Pa.C.S. §7540(a), which is part of Pennsylvania's Declaratory Judgments Act, states that, [w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

While this joinder provision is mandatory, it is subject to limiting principles. For example, where the interest involved is indirect or incidental, joinder may not be required. Additionally, where a person's official designee is already a party, the participation of such designee may alone be sufficient, as the interests of the two are identical, and thus, the participation of both would result in duplicative filings.

*Id.* at 567-68 (citations and footnotes omitted).

Further, in *Mechanicsburg Area School District v. Kline*, 431 A.2d 953 (Pa. 1981), our Supreme Court identified the following questions to be considered in determining whether a party is indispensable:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*Id.* at 956.

In the present case, Plaintiff's second amended complaint is premised on the SVE Board's enactment of variance guidelines for storage sheds, upon which the SVE Board relied in granting the variance to the Derrs, and whether such enactment runs afoul of the Declaration that governs the Scotch Valley Estates development. More specifically, Plaintiffs contend that the Declaration restricts the use of any lot in Scotch Valley Estates for single-family residential purposes only and that the variance

8

guidelines equated to an amendment of the Declaration which would require a vote of two-thirds of the residential lot owners in accordance with section 2(A) of the Declaration.[9] To that end, Plaintiffs appropriately named as defendants the only entity, the SVE Board, and individuals, the Derrs, directly impacted by the alleged invalid action.

Contrary to the trial court's reasoning, we do not believe that all other property owners within Scotch Valley Estates were indispensable to Plaintiffs' suit. While these lot owners may have an interest in the suit, in the sense that the variance guidelines enacted by the SVE Board apply equally to all lot owners, such interest is at best indirect and cannot be said to surpass the general interest of all lot owners within the development in ensuring that the SVE Board acts lawfully and consistent with the Declaration. The SVE Board will represent the interest of these lot owners and the matter can be adequately resolved without offending the due process rights of said lot owners.

We reached a similar conclusion in *Belleville v. David Cutler Group, Inc.* (Pa. Cmwlth., No. 284 C.D. 2013, filed January 3, 2014).[10] In that case, William and Bette Ann Belleville (the Bellevilles) appealed from a common pleas court order that dismissed their amended complaint against David Cutler Group, Inc. (Developer) and the Malvern Hunt Homeowner's Association (Association) for failure to join all 278 property owners in a planned community known as Malvern Hunt as necessary and indispensable parties. The development was subdivided into three communities, "The

---

[9] Section 2(A) provides, in pertinent part, "that at any time after January 1, 1980, these Restrictions may be amended by the vote of the then record owners of two-thirds (2/3) of such residential lots. . . ." (R.R. at 14a.)

[10] Pursuant to section 414(a) of this Court's Internal Operating Procedures, an unreported decision of this Court may be cited "for its persuasive value."

9

Reserve," "The Chase," and "The Ridings." The Bellevilles resided in "The Ridings," whose members, according to a recorded declaration dated March 20, 2001, were excluded from enrollment in the Association, not subject to maintenance fees, and responsible for all aspects of their own property maintenance. However, when the Bellevilles purchased their home in August 2001, Developer provided them with an unrecorded declaration that required owners in "The Ridings" to pay an annual maintenance assessment and, like the recorded declaration, prohibited any amendments that would impose additional financial obligations upon these specific owners. Developer later filed and recorded an amendment to the original recorded declaration attempting to "clarify" that property owners within "The Ridings" were subject to the annual maintenance assessment.

The Association later took control of the development from Developer in accordance with the provisions of the recorded declaration. In January 2008, the Association sent the Bellevilles an assessment notice that was calculated differently from the previous invoices they had received. The Bellevilles first learned of the exemption from the annual maintenance assessment around this time and a dispute arose with the Association. The Bellevilles subsequently commenced a declaratory judgment action against Developer and the Association, seeking a declaration that certain amendments to the original recorded declaration were null and void, a refund of all improperly paid assessments, and punitive damages from Developer for its deceitful conduct. Developer filed a motion to dismiss the action due to lack of jurisdiction for failure to join indispensable parties, namely all other property owners in the development. The common pleas court granted the motion and dismissed the declaratory judgment action.

On appeal, this Court vacated the common pleas court's decision and remanded for further proceedings. We concluded that the pecuniary interest of the individual owners in "The Chase" and "The Reserve" in not having to pay increased assessments to make up for any budget shortfall relating to the annual maintenance assessments was not directly related to the precedent to be set as a result of the Bellevilles' declaratory judgment action. Instead, we noted that an order declaring that the owners in "The Ridings" were illegally assessed would only indirectly affect the owners in "The Chase" and "The Reserve." Additionally, regardless of whether the other owners in "The Ridings" were made parties, we noted that Developer and the Association would be bound by the common pleas court's decision and that each of these owners would not be barred from asserting their individual rights against the same. In other words, we stated that any declaration from the common pleas court would not operate as *res judicata* or collateral estoppel to preclude or deprive these other owners of their right to seek monetary relief.

Similarly, in this case, even if the trial court ruled in favor of Plaintiffs and struck the variance guidelines enacted by the SVE Board, the residential lot owners of Scotch Valley Estates would not be precluded or estopped from asserting their rights under the Declaration. As this Court has previously stated, requiring the joinder of hundreds of parties "would undermine the litigation process" and "render the litigation unmanageable." *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 582-83 (Pa. 2011). In sum, the remaining residential lot owners in Scotch Valley Estates are simply not indispensable parties to the present litigation.

11

Accordingly, the order of the trial court is reversed.

_____

PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John F. Zola and Jill M. Zola,      :
his wife, and Vincent J. Zola      :
and Jayme A. Zola, his wife,      :
           Appellants      :
     :    No. 155 C.D. 2019
       v.      :
     :
Scotch Valley Estates and Daniel W.      :
Derr, II and Shirley R. Derr, his wife      :

## _**ORDER**_

AND NOW, this 18th day of November, 2019, the order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia County Branch , dated May 30, 2018, is hereby reversed.

_____
PATRICIA A. McCULLOUGH, Judge